1  Ruoyu Roy Wang, Bar No. 239065
   rwang@kirkland.com
2  KIRKLAND & ELLIS LLP
   555 California Street
3  San Francisco, CA  94104
   Telephone:    415 439-1984
4  Facsimile:    415 439-1500

5

6  Attorney for Petitioner

7

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  YUTTASAK SIMMA,                          Case No.  C 07-3534 MMC

12             Petitioner,

13  v.                                       **VERIFIED PETITION FOR WRIT OF
                                             HABEAS CORPUS PURSUANT TO
14  ALBERTO GONZALES, in his official        28 U.S.C. § 2241**
    capacity as Attorney General of the United
15  States; MICHAEL CHERTOFF, in his         **[REDACTED]**
    official capacity as Secretary of the United
16  States Department of Homeland Security;
    NANCY ALCANTAR, in her official
17  capacity as Field Office Director for the
    Office of Detention and Removal
18  Operations for Immigration and Customs
    Enforcement; DAVID SEPULVEDA, in
19  his official capacity as Director of the Main
    Jail of the Santa Clara County Correctional
20  Facilities,

21             Respondents.

22

23

24

25

26

27

28

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................... 2

JURISDICTION .............................................................................. 3

VENUE ............................................................................................ 3

EXHAUSTION ............................................................................... 3

PARTIES ........................................................................................ 4

    Petitioner Acquired Automatic Derivative Citizenship Pursuant to INA § 321(a) ............. 4

    Respondents Are Responsible For the Detention and Release of Mr. Simma ................... 5

FACTS AND PROCEDURAL HISTORY ....................................................... 6

CLAIMS FOR RELIEF ................................................................... 7

FIRST CAUSE OF ACTION - ICE HAS NO STATUTORY AUTHORITY TO DETAIN A PERSON THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP FOR REMOVAL PROCEEDINGS ........................... 7

SECOND CAUSE OF ACTION - ICE HAS NO STATUTORY AUTHORITY TO INDEFINITELY HOLD A PERSON THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP IN PRE-REMOVAL DETENTION ................... 8

THIRD CAUSE OF ACTION - THE NON-DETENTION ACT, UNDER 18 U.S.C. § 4001(A), PROHIBITS THE DETENTION OF A PERSON THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP ABSENT CONGRESSIONAL AUTHORIZATION ................... 9

FOURTH CAUSE OF ACTION - VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT – NO CONSTITUTIONALLY ADEQUATE PROCESS WAS IN PLACE BEFORE THE PETITIONER'S DETENTION ................... 10

FIFTH CAUSE OF ACTION - VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT – RESPONDENTS' PROLONGED DETENTION OF MR. SIMMA IS NOT REASONABLY RELATED TO THE PURPOSE OF THE DETENTION STATUTE ................... 11

PRAYER FOR RELIEF ................................................................ 12

VERIFICATION .......................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

Cleveland Bd. of Ed. v. Loudermill,
 470 U.S. 532 (1985) ...................................................................................... 10

Demore v. Kim,
 538 U.S. 510 (2003) ........................................................................... 8, 9, 11, 12

Hamdi v. Rumsfeld,
 542 U.S. 507 (2004) ................................................................................. 3, 10

Howe v. Smith,
 452 U.S. 473 (1981) ...................................................................................... 10

Jackson v. Indiana,
 406 U.S. 715 (1972) ...................................................................................... 11

Mathews v. Diaz,
 426 U.S. 67 (1976) ....................................................................................... 12

Minasyan v. Gonzales,
 401 F.3d 1069 (9th Cir. 2005) .................................................................. 3, 4, 9

Rivera v. Ashcroft,
 394 F.3d 1129 (9th Cir. 2005) ...................................................................... 12

Tijani v. Willis,
 430 F. 3d 1241 (9th Cir. 2005) .............................................................. 8, 9, 12

Woodby v. INS,
 385 U.S. 276 (1966) ...................................................................................... 12

Zadvydas v. Davis,
 533 U.S. 678 (2001) .................................................................................. 9, 11

**Statutes**

§ 11378 of the California Health and Safety Code ............................................... 6

§ 236 of the Immigration and Nationality Act ................................... 7, 8, 11, 12

§ 237 of the Immigration and Nationality Act ..................................................... 7

§ 321 of the Immigration and Nationality Act .......................................... 4, 5, 12

18 U.S.C. § 4001(a) .................................................................................. 2, 9, 10

28 U.S.C. § 1331 ................................................................................................. 3

28 U.S.C. § 1651 ................................................................................................. 3

28 U.S.C. § 2201-02 ........................................................................................... 3

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
## (continued)

Page

*28 U.S.C. § 2241* ........................................................................................... 3

*28 U.S.C. § 2243* ....................................................................................... 3, 13

*8 U.S.C. § 1226(a)* ..................................................................................... 8, 9

*8 U.S.C. § 1226(c)* ................................................................................ 7, 8, 9

*8 U.S.C. § 1252(d)(1)* .................................................................................... 3

*8 U.S.C. § 1432(a)* ........................................................................................ 4

**Other Authorities**
*Habeas L.R. 2254-3(a)* .................................................................................. 3

**Constitutional Provisions**
*U.S.C.A. Const. Amend. 14* ......................................................................... 12

*U.S.C.A. Const. Amend. 5* ..................................................................... 10, 11

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**INTRODUCTION**

1.       Petitioner Yuttasak Simma, a longstanding Bay Area resident with derivative United States citizenship, has been detained by Respondents for more than three months, while removal proceedings against him remain pending in Immigration Court.

2.       In detaining Mr. Simma, Respondents have acted outside their jurisdiction and authority under the Immigration and Nationality Act, which applies only to "aliens." Detained after a brief interview lasting about ten minutes, Mr. Simma never had an opportunity to submit evidence demonstrating his derivative citizenship before the deprivation of his liberty at Respondents' hands.

3.       Respondents' continued detention of Mr. Simma is not a result of criminal conviction, or a result of immediate removal. Rather, it is a bureaucratic application of the detention provisions of the Immigration and Nationality Act ("INA") based on an incorrect and unsubstantiated assumption of alienage.

4.       While imprisoned, Mr. Simma has since gathered and presented documentary evidence demonstrating his United States citizenship to the Immigration Court where the removal proceedings are pending. Mr. Simma also filed an N-600 "Application for Certificate of Citizenship," attaching the evidence of his citizenship to the Department of Homeland Security. The Immigration Court granted a continuance allowing Mr. Simma's filing of the N-600 application. The Immigration Court, however, has failed to release Mr. Simma while the citizenship paperwork is being processed.

5.       Having demonstrated substantial prima facie evidence of his derivative citizenship, which took effect due to his mother's naturalization years ago, Mr. Simma still faces a lengthy and uncertain period of continued incarceration. The wait for the government's processing of his citizenship certificate sees no definite end, and the eventual adjudication of the removal proceedings is even more remote.

6.       Respondents' detention of Mr. Simma has no statutory authority. Instead, it violates the Non-Detention Act, 18 U.S.C. § 4001(a), which prohibits the detention of U.S. citizens absent explicit congressional authorization. Moreover, the lengthy pre-removal detention

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    ignores Mr. Simma's citizenship status, violates his rights under the Due Process Clause of the

2    Fifth Amendment of the United States Constitution, and dilutes his Fourteenth Amendment right

3    to U.S. citizenship.

4        7.    Mr. Simma petitions this Court for an immediate release from incarceration. The

5    remedy Mr. Simma seeks is a just and reasonable one — release from prison under reasonable

6    bail and/or supervision, while waiting for his citizenship certificate and termination of the

7    removal proceedings in Immigration Court.

8        8.    Pursuant to 28 U.S.C. § 2243, Mr. Simma respectfully requests the Court to

9    immediately order Respondents to show cause why the writ of habeas corpus should not be

10   granted. Mr. Simma also requests a prompt hearing be set upon Respondents' return on the order

11   to show cause.

**JURISDICTION**

13       9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas

14   corpus); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. §

15   2201-02 (declaratory relief); and the U.S. Constitution, Art. I, § 9, Cl. 2 (Suspension Clause).

16   *See, e.g., Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) ("absent suspension, the writ of habeas

17   corpus remains available to every individual detained within the United States.").

**VENUE**

19       10.   Venue is proper in the Northern District of California because Mr. Simma is

20   detained at the Main Jail of the Santa Clara County Correctional Facilities in San Jose, California.

21   Habeas L.R. 2254-3(a); 28 U.S.C. § 2241.

**EXHAUSTION**

23       11.   Mr. Simma is not required to exhaust administrative remedies, under 8 U.S.C. §

24   1252(d)(1), because the remedies sought with this petition do not concern a final removal order.

25   Rather, this petition challenges Respondents' pre-removal detention of Mr. Simma. Moreover,

26   only an "alien" is required to meet the exhaustion requirements. Exhaustion does not apply to

27   individuals with non-frivolous claims to U.S. citizenship. *Minasyan v. Gonzales*, 401 F.3d 1069,

28   1075 (9th Cir. 2005).

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.     No petition for habeas corpus has previously been made to this Court or to any other Court in connection with this matter.

### PARTIES

**Petitioner Acquired Automatic Derivative Citizenship Pursuant to INA § 321(a)**

13.     Born out of wedlock on                in Thailand, Petitioner Simma was a minor when his natural mother, Prasai Paar, became a naturalized United States citizen on November 21, 1985 in Los Angeles, CA. *See* Exh. A. His natural father, Vilay Simma, passed away on November 26, 1990 in Thailand. *See Id.*

14.     Mr. Simma entered the United States as a lawful permanent resident on or about May 9, 1988. He has since lived in the United States for nineteen years, including three plus years in Hawaii, followed by fifteen plus years in the Bay Area.

15.     Mr. Simma has two young citizen children, ages three and six. They currently live in the Bay Area with Mr. Simma's natural mother and stepfather. The children's natural mother and Mr. Simma were never married. She has not visited the children for the past ten months.

16.     Mr. Simma graduated from high school in Milpitas, CA. He held various full-time and part-time jobs before imprisonment, including working as a park ranger, cashier, machine operator, and assembly line worker.

17.     Pursuant to INA § 321(a), his mother's naturalization when he was a minor *automatically* triggered Mr. Simma's derived citizenship. *See Minasyan v. Gonzales*, 401 F.3d 1069, 1075-76 (9th Cir., 2005) (applying INA § 321(a) and reasoning that "[a]s with all forms of citizenship, derivative citizenship is determined under the law in effect at time the critical events giving rise to eligibility occurred."); INA § 321(a) (8 U.S.C. § 1432(a)) (repealed 2000).

18.     Specifically, INA § 321, entitled "Children born outside of United States of alien parents; conditions for automatic citizenship," provides that "(a)     A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon the fulfillment of the following conditions:

(1) The naturalization of both parents; or

(2) The naturalization of the surviving parent if one of the parents is deceased; or

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

(4) Such naturalization takes place while such child is unmarried and under the age of eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years."

19.    The naturalization of Mr. Simma's mother in 1985 while he was a minor triggered the combination of sub-clauses (3), (4), and (5). Additionally and alternatively, the death of Mr. Simma's natural father while he was a minor triggered the combination of sub-clauses (2), (4), and (5). Mr. Simma has presented to Immigration Court and the Department of Homeland Security documentary evidence, including his mother's naturalization certificate, his birth certificate, and his father's death certificate, demonstrating his United States citizenship under INA § 321(a) . *See* Exh. A.

**Respondents Are Responsible For the Detention and Release of Mr. Simma**

20.    Respondents have detained Mr. Simma for more than three months since March 28, 2007. The place of the incarceration is at the Main Jail of the Santa Clara County Correctional Facilities.

21.    Respondent Alberto Gonzales is the Attorney General of the United States and the head of the U.S. Department of Justice, which encompasses the Board of Immigration Appeals and the Immigration Court and Immigration Judges as a subunit of the Executive Office for Immigration Review. Mr. Gonzales bears responsibility for the implementation and enforcement of immigration laws along with Respondent Michael Chertoff of the U.S. Department of

1  Homeland Security.  Mr. Gonzales is sued in his official capacity.

2        22.    Respondent Michael Chertoff is the Secretary of Homeland Security and heads the

3  U.S. Department of Homeland Security, the arm of the U.S. government responsible for

4  enforcement of immigration laws.  Mr. Chertoff is the ultimate legal custodian of Mr. Simma.

5  Mr. Chertoff is sued in his official capacity.

6        23.    Respondent Nancy Alcantar is the Field Office Director for Detention and

7  Removal in the San Francisco District Office of U.S. Immigration and Customs Enforcement.  In

8  this capacity, she has jurisdiction over the detention facility in which Mr. Simma is held, is

9  authorized to release Mr. Simma, and is a legal custodian of Mr. Simma.  Ms. Alcantar is sued in

10  her official capacity.

11        24.    Respondent David Sepulveda is the Director of the Main Jail of the Santa Clara

12  County Correctional Facilities and is Mr. Simma's immediate custodian.  Mr. Sepulveda is sued

13  in his official capacity.

14  **FACTS AND PROCEDURAL HISTORY**

15        25.    At the time of his mother's naturalization, Mr. Simma was thirteen years old.  Two

16  and a half years later, Mr. Simma entered the United States as a lawful permanent resident on or

17  about May 9, 1988.  He has since lived in the United States for nineteen years.

18        26.    On November 9, 2006, Mr. Simma was convicted, following a plea bargain

19  arrangement, to the offense of possession of a controlled substance for sale, in violation of

20  § 11378 of the California Health and Safety Code.

21        27.    Due to good behavior and other factors, Mr. Simma's sentence was completed in

22  March 2007.  But at or few days before the completion of his criminal sentence in March 2007,

23  Immigration and Customs Enforcement ("ICE") imprisoned Mr. Simma to the Santa Clara

24  County Correctional Facility.

25        28.    On March 27, 2007, the day before ICE's detention of Mr. Simma, ICE briefly

26  interviewed him for about ten minutes. During the interview, Mr. Simma informed ICE officers

27  that his mother is married to an American citizen and that he legally entered the U.S. while he

28  was a minor.  Despite this knowledge, ICE failed to investigate Mr. Simma's citizenship status, or

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    provide opportunities for Mr. Simma to present citizenship evidence before jailing him.

2        29.    A March 28, 2007 Notice to Appear was served on Mr. Simma, and filed with the

3    Immigration Court, alleging Mr. Simma is an "alien" convicted of an aggravated felony pursuant

4    to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act.  Presumably, the government's

5    authority for Mr. Simma's detention for the removal proceedings is 8 U.S.C. § 1226(c), which

6    requires mandatory detention of a certain subgroup of aliens charged with removal on criminal

7    grounds.

8        30.    Removal proceedings are currently pending against Mr. Simma in San Francisco,

9    California.  A continuance was granted to allow Mr. Simma's immigration counsel, the Asian

10   Law Caucus, to submit an N-600 Application for a Certificate of Citizenship to U.S. Citizenship

11   and Immigration Services ("CIS"), an agency within the U.S. Department of Homeland Security.

12       31.    On June 13, 2007, the N-600 application along with supporting documents,

13   including the naturalization certification of Mr. Simma's natural mother, his birth certificate, and

14   the death certificate of his natural father, was submitted to the Department of Homeland Security.

15   *See* Exh. A.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION -
### ICE HAS NO STATUTORY AUTHORITY TO DETAIN A PERSON THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP FOR REMOVAL PROCEEDINGS

19       32.    The foregoing allegations are repeated and fully incorporated herein.

20       33.    Respondents' March 28, 2007 Notice of Hearing, the first such notice after the

21   detention of Mr. Simma, refers to INA § 237 as the statutory basis for the removal proceedings in

22   Immigration Court.  Respondents, however, did not provide any statutory grounds for detaining

23   Mr. Simma in prison.  Presumably, Respondents are relying on the mandatory detention

24   provision, § 236(c), of INA.  The reliance is misplaced for at least the following reasons.

25       34.    INA § 236(c) , 8 U.S.C. § 1226(c), only authorizes the detention of "aliens" and

26   cannot be broadly interpreted to include individuals who are either citizens or have a non-

27   frivolous claim of citizenship.  The text of § 236(c) makes clear that the authorization relates only

28   to "aliens." *See INA § 236(c)(1)* ("The Attorney General shall take into custody any alien who . .

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    .").  The statute never mentions a citizen, or a person with a substantial claim of citizenship.

2          35.    The reach of INA § 236(c) applies only to a subgroup of aliens, and would not be

3    acceptable if applied to citizens or persons with a substantial claim of citizenship.  *See Demore v.*

4    *Kim,* 538 U.S. 510, 531 (2003) (upholding § 236(c)'s permissibility as applied to only criminal

5    aliens who have conceded that they are deportable.")  A central part of the *Kim* Court's rationale

6    is that the statute's constitutionality hinges on the distinction between aliens and citizens.  See *Id.*

7    at 521 ("Congress regularly makes rules that would be unacceptable if applied to citizens.").

8          36.    The Ninth Circuit has since *Kim* echoed the limited applicability of § 236(c)  to a

9    subgroup of aliens.  *Tijani v. Willis*, 430 F. 3d 1241, 1242 (9th Cir. 2005) ("we interpret the

10   authority conferred by § 1226(c) as applying to *expedited* removal of *criminal aliens*") (emphasis

11   added); *Id.* at 1247 (Tashima, J., concurring) (urging a limited application of § 236(c) only to

12   "those immigrants who could not raise a substantial argument against their removability").

13         37.    8 U.S.C. § 1226(a), which is the provision that the government may assert when §

14   1226(c) is inapplicable, similarly authorizes the detention of only "aliens."  8 U.S.C. § 1226(a)

15   ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a

16   decision on whether the alien is to be removed from the United States.").

17         38.    Petitioner's submission of evidence of his derivative citizenship, including his

18   mother's naturalization certificate, his birth certificate, and his father's death certificate, to the

19   Immigration Court and the submission of the N-600 Application for Certificate of Citizenship to

20   CIS has presented prima facie and substantial evidence of citizenship.  Having established a

21   substantial claim of citizenship, Mr. Simma should not be forced to suffer continued

22   imprisonment based on Respondents' mistaken application of the detention statute.

23

24   **SECOND CAUSE OF ACTION -**
    **ICE HAS NO STATUTORY AUTHORITY TO INDEFINITELY HOLD A PERSON**

25   **THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP IN PRE-REMOVAL**
    **DETENTION**

26         39.    The foregoing allegations are repeated and fully incorporated herein.

27         40.    The indefinite detention of Mr. Simma after he has made a prima facie case of

28   citizenship is beyond the limited time scope authorized by the detention statute.  The Ninth

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Circuit held that the authority of §1226(c) rests on "expedited removal." *Tijani v. Willis*, 430 F.

2   3d 1241, 1242 (9th Cir. 2005). Past cases in the Ninth Circuit reveal that Mr. Simma's current

3   detention, if unchecked by this Court's review, could be extremely lengthy. *See, e.g., Minasyan*

4   *v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005) (upholding a derivative citizenship claim four years

5   after the commencement of a second round of removal proceedings). An indefinite waiting

6   period for the resolution of Mr. Simma's removal order and any appeals thereafter cannot be

7   regarded as "expedited removal" and thus fails to comport with the legal boundary of the

8   detention statute.

9       41.    Similarly to § 1226(c), § 1226(a), which is the provision that the government may

10  assert when § 1226(c) is inapplicable, does not specify the time period under which an alien may

11  be held pending removal proceedings. Given that § 1226(c) is limited to a "brief period necessary

12  for their removal proceedings," § 1226(a) must similarly be held to a necessary brief period.

13  *Demore v. Kim*, 538 U.S. at 513; *see also Tijani v. Willis*, 430 F.3d at 1242. Indeed, § 1226(a)

14  contains a bail provision, which would be rendered superfluous if the discretionary detention

15  were allowed to extend beyond a brief period of time necessary. *See* 8 U.S.C. § 1226(a)(2) .

16      42.    The "brief" time allowed for Mr. Simma's pre-removal hold has turned into an

17  extended waiting period under Respondents' bureaucratic application of the detention statute.

18  Mr. Simma now faces imprisonment for an indeterminate time before the adjudication of the final

19  removal order. The prolonged detention is particularly unreasonable as Mr. Simma already

20  provided evidence of his derivative citizenship, which was automatically triggered in 1985. The

21  evidence already-submitted to the government demonstrates that there is "no significant

22  likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678,

23  699-701 (2001) (stating that "once removal is no longer reasonably foreseeable, continued

24  detention is no longer authorized by statute").

25

26                 **THIRD CAUSE OF ACTION -**
**THE NON-DETENTION ACT, UNDER 18 U.S.C. § 4001(A), PROHIBITS THE**
27  **DETENTION OF A PERSON THAT HAS A SUBSTANTIAL CLAIM OF CITIZENSHIP**
**ABSENT CONGRESSIONAL AUTHORIZATION**

28      43.    The foregoing allegations are repeated and fully incorporated herein.

- 9 -

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    44.    The Non-Detention Act states that "No citizen shall be imprisoned or otherwise

2    detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a).

3    45.    The Non-Detention Act is a broad statutory command, "proscribing detention *of*

4    *any kind* by the United States" of a United States citizen. *See Howe v. Smith*, 452 U.S. 473, 480

5    n.3 (1981) (emphasis in original).

6    46.    Section 4001(a) demands a clear statement of authorization to detain. *Hamdi v.*

7    *Rumsfeld*, 542 U.S. 507, 545 (2004). Congress has not authorized the indefinite detention under

8    INA of a person that has a substantial claim of citizenship. Therefore, Respondents' continued

9    detention of Mr. Simma, a person with substantial evidence of citizenship, is a direct violation of

10   the Non-Detention Act.

11   47.    Even the authority of war power is not justification for the indefinite detention of a

12   citizen. *Hamdi v. Rumsfeld*, 542 U.S. 507, 542 (2004) (Souter, J., concurring). In contrast, Mr.

13   Simma poses no threat to national security. He has fully served the sentence for his non-violent

14   drug offense. As a single parent to two young citizen children with strong family and local ties,

15   he poses no significant flight risk. His continued detention is the precise evil the Non-Detention

16   Act seeks to prevent.

17

18   **FOURTH CAUSE OF ACTION -**
     **VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT – NO**
     **CONSTITUTIONALLY ADEQUATE PROCESS WAS IN PLACE BEFORE THE**
19   **PETITIONER'S DETENTION**

20   48.    The foregoing allegations are repeated and fully incorporated herein.

21   49.    An essential principle of due process is that a deprivation of life, liberty, or

22   property be preceded by notice and opportunity for hearing appropriate to the nature of the case.

23   *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (citing *Cleveland Bd. of Ed. v. Loudermill*, 470

24   U.S. 532, 542 (1985)). Due process requires that the government's assertion of facts such as the

25   issue of Mr. Simma's alienage should not be presumed to be correct. *Id.* at 537.

26   50.    Respondents' decision to detain Mr. Simma was solely based on an incorrect

27   assumption of alienage, the result of a woefully-inadequate ten-minute interview, in which

28   Respondents had notice that Mr. Simma's mother is married to an American citizen. Ignoring the

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    likelihood that Mr. Simma could be a derivative citizen, Respondents provided no opportunity for

2    Mr. Simma to rebut their incorrect assumption of alienage before trampling his liberty.

3        51.     An individual's liberty is a core fundamental individual right protected by the Due

4    Process Clause. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is not to be breached, even

5    for one day, without extreme caution. The detection of Mr. Simma has resulted in imminent and

6    irreparable harm on him and his family. Having served the entire sentence under his non-violent

7    drug offense, Mr. Simma would have been free to return home to his two daughters, were it not

8    for the pre-removal hold by Respondents. That harm has been enhanced by the prolonged

9    imprisonment Mr. Simma is facing, and further exacerbated by the Immigration Court's lack of

10    willingness to release Mr. Simma from imprisonment while his N-600 application is pending.

11

12                                    **FIFTH CAUSE OF ACTION -**
**VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT –**
**RESPONDENTS' PROLONGED DETENTION OF MR. SIMMA IS NOT REASONABLY**

13                   **RELATED TO THE PURPOSE OF THE DETENTION STATUTE**

14        52.     The foregoing allegations are repeated and fully incorporated herein.

15        53.     Immigration detention violates due process unless such detention is reasonably

16    related to its purpose. *Zadvydas*, 533 U.S. at 690 (citing *Jackson v. Indiana*, 406 U.S. 715, 738

17    (1972)); *Demore v. Kim*, 538 U.S. at 513 (upholding a brief period of mandatory detention only

18    when necessary). Moreover, as detention becomes prolonged, the Due Process Clause requires a

19    sufficiently strong justification to outweigh the significant deprivation of liberty, and demands

20    strong procedural protections to ensure the sufficiency of that justification. *Zadvydas*, 533 U.S. at

21    690-91.

22        54.     In *Demore v. Kim*, the Supreme Court analyzed § 236(c) within a framework that

23    imprisonment under the mandatory detention provision has a definite termination point, generally

24    less than 90 days. The Executive Office for Immigration Review calculated the average detention

25    time to be 47 days with a medium of 30 days. *See Demore v. Kim*, 538 U.S. at 529. Mr. Simma

26    has already endured three plus months of imprisonment and will likely suffer many more without

27    this Court's intervention. Indefinite imprisonment, with no finality, does not comport with the

28    purpose of the detention statute.

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

322042684e0e6b58

55.     The reasonable purpose of the detention statue is not served here also because the statute is never meant to be applied to a person with a strong claim of citizenship. As shown above, Mr. Simma meets the requirements under INA § 321(a) . Respondents' detention of Mr. Simma does not comport with the plain language of INA § 236 that limits the detention power to aliens. Both the Supreme Court and the Ninth Circuit have cautioned the limited nature of that power, which Respondents in this case have not observed. *Demore v. Kim*, 538 U.S. at 521 (2003) (citing *Mathews v. Diaz*, 426 U.S. 67 (1976)); *Tijani v. Willis*, 430 F. 3d 1241, 1242 (9th Cir. 2005).

56.     In a removal proceeding such as Mr. Simma's, the government bears the burden of proving the individual's alienage by clear, unequivocal, and convincing evidence. *See Woodby v. INS*, 385 U.S. 276 (1966). In the removal proceedings, the government has not met its burden in light of Mr. Simma's prima facie evidence of citizenship. As such, Mr. Simma should not be held continuously under a rebutted assumption of alienage.

57.     Finally, it is well settled that a U.S. citizen cannot lose his or her citizenship status unless the government can prove that the person intended to relinquish citizenship. U.S.C.A. Const. Amend. 14; *Rivera v. Ashcroft*, 394 F.3d 1129, 1137 (9th Cir. 2005). The government has not alleged such relinquishment in Immigration Court. Mr. Simma has presented a substantial claim of citizenship to both the Immigration Court and the Department of Homeland Security. His continued detention rests on Respondents' incorrect assumption of alienage. As such, the prolonged detention is not reasonably related to the purpose of the detention provisions of INA and cannot be justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Petitioner prays that this Court grant the following relief:

a.     Assume jurisdiction over this matter;

b.     Order Respondents to show cause, within three days of filing this petition, why the writ of habeas corpus should not be granted, and set a hearing on this matter within five days of respondents' return on the order to show

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                                       cause, pursuant to 28 U.S.C. § 2243;

2           c.        Grant the writ of habeas corpus and order the immediate release of Mr.

3                       Simma from custody, under reasonable conditions of supervision for the

4                       duration of the removal proceedings;

5           d.        Declare that Respondents' continued detention of Mr. Simma is not

6                       authorized by the detention provisions of the Immigration and Nationality

7                       Act;

8           e.        Declare that Respondents' continued detention of Mr. Simma violates the

9                       Non-Detention Act;

10          f.        Declare that Respondents' continued detention of Mr. Simma violates the

11                       Due Process Clause of the Fifth Amendment;

12          g.        Grant any other and further relief that this Court deems just and proper.

13

14 Dated: July _06_, 2007                                 Respectfully submitted,

15

16                                       Ruoyu Roy Wang

17                                       KIRKLAND & ELLIS

18                                       555 California Street

19                                       San Francisco, CA  94104
                                      Telephone:  (415) 439-1984

20                                       Facsimile:  (415) 439-1500

21                                       Sin Yen Ling

22                                       ASIAN LAW CAUCUS
                                      939 Market Street, Suite 201

23                                       San Francisco, CA  94103
                                      Telephone: (415) 896-1701

24                                       Facsimile: 415 896-1702

25

26

27

28

Ruoyu Roy Wang
KIRKLAND & ELLIS
555 California Street
San Francisco, CA  94104
Telephone:  (415) 439-1984
Facsimile:  (415) 439-1500

Sin Yen Ling
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, CA  94103
Telephone: (415) 896-1701
Facsimile: 415 896-1702

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2                                    **VERIFICATION**

3          I, Yuttasak Simma, under penalty of perjury state the following:

4          1.     I am the Petitioner to whom the foregoing Petition for Writ of Habeas Corpus

5   relates.

6          2.     I affirm the truth of the factual contents of the Petition.

7

8          Dated: JULY 6 - 07

9

10                                                    
                                                      _____

11                                                    Yuttasak Simma

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRKLAND & ELLIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

**THE UNITED STATES OF AMERICA**

No. 12270589

Petition No. 585889

*Personal description of holder as of date of naturalization: Date of birth* _____
*sex* Male *complexion* MEDIUM *color of eyes* BROWN *color of hair* BLACK *height* 5 *feet* 0 *inches;*
*visible distinctive marks* SCAR ON NOSE
*Marital status* MARRIED *Country of former nationality* THAILAND
*I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.*

*Original*

No. of Registration No. A34-476-126

*(Complete and true signature of holder)*

**UNITED STATES OF AMERICA**
**CENTRAL DIST. OF CALIFORNIA** }  ss:

*Be it known that at a term of the* _____ *The United States* _____ *District* _____ *County of*
*held pursuant to law at* _____ *Los Angeles* _____
*on* NOVEMBER 21, 1985
PRASAI PARR
*then residing at* 1109 SPARROW DR., POINT MUGU, CA
*intending to reside permanently in the United States (when so required by the Naturalization Laws of the United States) had in all respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, thereupon ordered that such person be and (s)he was admitted as a citizen of the United States of America.*

*In testimony whereof the seal of the court is hereunto affixed this* 21ST
*day of* NOVEMBER _____

EIGHTY-FIVE

LEONARD A. BROSNAN
*Clerk of the* U.S. District _____ *Court.*

*By* Frank Enrici _____ *Deputy Clerk.*

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE.

04/19/2007  14:31    5105722125          LAM TRAINING                    PAGE  03/0/0

* 028605293144

ROYAL EMBLEM                        Form Type:

BIRTH CERTIFICATE                   CR. 2  Part 1.

Late Birth Report


ห้างหุ้นส่วนจำกัด เอ.ซี.เซอร์วิส
A.C. SERVICE LIMITED PARTNERSHIP

Citizen I.D.Card Number

Registration Office of:       Tambol Prasart      3108      | 2-3108-00019-31-1

| | | | |
|---|---|---|---|
| **1.**<br>**NEWBORN** | 1.1 Firstname        Lastname<br><br>Mr. Yutasak        Simma | 1.2 Sex<br><br>Male | 1.3 Nationality Thai |
| | 1.4 Date of Birth | Time<br>06:00 | Corresponding<br>Tuesday | Month<br>1st | Year<br>Chuad |

1.5 Birth Place  Address:  No. 21, Group No. 10, Tambol: Prasart   1.6 Being
at home              Ban Kruad District, Burirum Province   No. 1 Child

1.7 Person attended   Self Delivered   x Midwife     1.8 Weight
the Delivery:     ---                        at Birth
        --- Medical Doctor  --- Nurse
   --- Obstetrician   --- Other:                 Grams

1.9 Name added to House Registration Number:
21 Group No. 10, Tambol: Prasart, Ban Kruad District, Burirum Province

1.10 House Code       3 108 008141 1

**2. MOTHER**
2.1 Firstname        Maiden Name     2.2 Citizen I.D.Card Number
Mrs. Prasai          Matchaya

2.3 Age   2.4 Nationality        2.5 Birth Province   Country
45 Year   ----- Thai  Other:      Nakhon Phanom      Thailand

2.6 Residential Address   -37/1-  38/1, Group No. 1, Tambol: Nongyart,
(Official Seal Affixed)  Muang District, Nakhon Phanom Province, Thailand

**3. FATHER**
3.1 Firstname        Lastname       3.2 Citizen I.D.Card Number
Mr. Wilai            Simma

3.3 Age   3.4 Nationality        3.5 Birth Province   Country
39 Year   ---- x Thai  Other:      Roiet              Thailand

3.6 Residential Address     Address: 25, Group No. 2, Tambol: Klong Ta
---- Same to Mother: x Other:  Kien, Phra Nakhon Sri Ayudhya District,

**4. BIRTH INFORMANT**
4.1 Firstname   Lastname       4.2 Citizen I.D.Card Number   4.3 Age
Mrs. Puangmala Pisoot                                        Year

4.4 Address
38/1,Group No. 6, Tambol: Nongyart, Muang Nakhon Phanom District, Nakhon Phanom

4.5 Relationship to Newborn: --xxHouse Owner: ---Father: ---Delivery Attendant
---Relative: ---Official: ---Mother: ---Other:

4.6 Certificate of Birth  4.7 Receipt of Report  4.8 Signature of Informant
not issue                 not issue               (Fingerprint)
                                                  (Mrs. Puangmala Pisoot)

SIGNATURE OF REGISTRAR ACCEPTED BIRTH REPORT
(Mr. Sakda Tiempayuha)
-------------------------------
Asst. Registrar of Tambol: Prasart

Registrar to: -------------------------------

Date accepted:  July 2, A.D. 1987..


ห้างหุ้นส่วนจำกัด เอ.ซี. เซอร์วิส
C. SERVICE LIMITED PARTNERSHIP
รับรองคำแปลถูกต้อง
CERTIFIED CORRECT TRANSLATION

ผู้จัดการ MANAGER

14 APR 1988

| Thor. Ror. 4 part 2  **    041902941527 | | | 04 |
|---|---|---|---|

**[Emblem of Garuda]**

Nb  581/33                    **534    007    2542**                    nb 01-14993015

**Death certificate**

**Registration office** local municipality muang Nakhon Sriayuthaya       1499

| 1 Deceased | 1.1 First name   Last name | | 1.2 ID card number | | 1.3 Sex | 1.4 Age |
|---|---|---|---|---|---|---|
| | Mr. Vilay  Simma | | 3-1401-00021-36-4 | | ☒ Male  ☐ Female | 42 years old |
| | 1.5 Nationality | | 1.6 Occupation | | 1.7 Marital status | |
| | ☒ Thai  ☐ Other | | Employee | | ☐ Sing. ☒ Mar. ☐ Div. ☐ Sep. ☐ Wid. | |
| | 1.8 Address | | | | | |
| | 21 Moo 10 Tambon Prasat Ampher Ban Kruat Buriram Province | | | | | |

| 2 Death details | 2.1 Dead on Day 26 Month November Year 1990 | 2.2 Medical care before death        ☐ No |
|---|---|---|
| | 26-11-1990       Time 11.20 am | ☒ Yes ☐ Midwife ☐ Traditional ☒ Qualified ☐ Other |
| | 2.3 attestation of death | 2.4 Reason of death |
| | ☐ No  ☒ Yes    nb 632/2533 | Heart attack, abnormal loss of weight, didn't eat for a long period |

| 3 Place of death | 3.1 Place | 3.2 |
|---|---|---|
| | Pra Nakhon Sriayuthaya hospital | Length of stay ……Year(s)……Month(s)…3.Day(s) |

| 4 Father of deceased, mother of deceased | 4.1 First name   Last name | 4.2 ID card number |
|---|---|---|
| | Khun Simma | 3-3108-00436-18_2 |
| | 4.3 First name   Last name | 4.4 ID card number |
| | Khon Simma | 3-3108-00436-19_1 |

| 5 Notified by | 5.1 First name   Last name | 5.2 ID card number |
|---|---|---|
| | Mrs Nipha Boonsawat | [empty] |
| | 5.3 Relation | |
| | ☐ Father ☐ Mother ☐ Home owner ☐ Family ☒ Work_together ☐ Look_after_before_death ☐ Other | |
| | 5.4 Address | |
| | Pra Nakhon Sriayuthaya hospital | |

| 6 Corpse | 6.1 State | 6.2 Place |
|---|---|---|
| | ☐ Yes ☒ Buried ☐ Cremated ☐ Yes | Masyimsofha Tambon Krong Takhien Ampher Pra Nakhon Sriayuthaya Ayuthaya Province |

| 7 Death notification on Day 26 Month November Year 1990 | 8 Declaration of death   ☐ Yes ☒ No |
|---|---|

| 9 Signature [signature]...Registration Date...26 11 1990 | 10 Signature [signature]............has notified |
|---|---|
| [stamp of local municipality office assistant] has received | (Nipha Boonsawat) |

| 11 | 12 |
|---|---|
| Certified copy (stamp)  [signature]  [Local municipality assistant (stamp)] | Signature [empty]..................Registration Date................... |

เลขที่ ๕๘๑/๓๓   ทะ. ......... เลขที่ [0][1][·][1][4][9][9][3][0][1][5]

**มรณบัตร** [1][4][9][9]

สำนักทะเบียน ท้องถิ่นเทศบาลเมืองนครศรีอยุธยา

| | | |
|---|---|---|
| ๑ ผู้ตาย | ๑.๑ ชื่อตัว นาย จุลบ  ชื่อสกุล อู๋ สัมมา | ๑.๒ เลขประจำตัวประชาชน [3][-][1][4][0][1][-][0][0][0][2][1][3][6][4] |

๑.๓ เพศ ● ชาย ○ หญิง   ตายเมื่ออายุ ๔๒ ปี

๑.๔ สัญชาติ ● ไทย ○ อื่นๆ   ๑.๖ อาชีพ รับจ้าง

๑.๗ สถานภาพการสมรส ○ โสด ● สมรส ○ หม้าย ○ ร้าง ○ หย่า

๑.๘ ที่อยู่ บ้านเลขที่ หมู่ที่ ตรอก ซอย ถนน ตำบล/แขวง อำเภอ/เขต จังหวัด

๒ รายการตาย
๒.๑ ตายเมื่อวันที่ ๑๖ เดือน พฤษภาคม พ.ศ. ๒๕๓๓   เวลา ๑๑.๕๐ น.
๒.๒ ผู้รักษาก่อนตาย ○ ไม่มี ● มี
● รพ. ○ หมอตำแย ○ แพทย์แผนโบราณ ● แพทย์แผนปัจจุบัน ○ อื่นๆ
๒.๓ หนังสือรับรองการตาย ○ ไม่มี ● มี เลขที่ ๖๓๑/๒๕๓๓
๒.๔ สาเหตุการตาย

๓ สถานที่ตาย
๓.๑ ชื่อสถานที่ บ้านเลขที่ หมู่ที่ ตรอก ซอย ถนน ตำบล/แขวง อำเภอ/เขต จังหวัด
๓.๒ พิกัดอยู่สถานที่ตายแยกเป็น ปี เดือน ๓ วัน

๔ บิดามารดาของผู้ตาย
๔.๑ บิดาชื่อ สุจิน  ชื่อสกุล สัมมา
๔.๒ เลขประจำตัวประชาชนบิดา [3][-][3][1][0][8][-][0][0][4][3][6][1][8][·]
๔.๓ มารดาชื่อ เจ๊ง  ชื่อสกุล พัฒนา
๔.๔ เลขประจำตัวประชาชนมารดา [3][-][3][1][0][8][-][0][0][4][3][6][1][9][1]

๕ ผู้แจ้งตาย
๕.๑ ชื่อตัว สำเภา  ชื่อสกุล นวะเศรษฐ
๕.๒ เลขประจำตัวประชาชน [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
๕.๓ ความเกี่ยวพันเป็น ○ บิดา ○ มารดา ○ เจ้าบ้าน ○ ภูมิ ● เจ้าพนักงาน ○ ผู้รักษาก่อนตาย ○ ผู้อื่น
๕.๔ อยู่บ้านเลขที่ หมู่ที่ ตรอก/ซอย ถนน ตำบล/แขวง อำเภอ/เขต จังหวัด

๖ ศพ
๖.๑ จัดการศพโดย ○ เก็บ ● ฝัง ○ เผา ○ อื่นๆ
๖.๒ สถานที่ ตำบล/แขวง อำเภอ/เขต จังหวัด

๗ แจ้งการตายเมื่อวันที่ ๑๖ เดือน พฤษภาคม พ.ศ. ๒๕๓๓
๘ ใบรับแจ้งการตาย ○ มี ● ไม่มี

๙ ลงชื่อ .......................... นายทะเบียน
( ......................... )
ผู้รับแจ้ง

๑๐ ลงชื่อ นส. นวะเศรษฐ ผู้แจ้ง
( สำเภา  นวะเศรษฐ )

๑๑ การเปลี่ยนแปลงการจัดการศพ

**สำเนาถูกต้อง**
นางสายพิณ วงษ์ประสิทธิ์

๑๒ ลงชื่อ .......................... นายทะเบียน
( ......................... )
ผู้รับแจ้งการเปลี่ยนแปลง