IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUTTASAK SIMMA,<br><br>    Petitioner,<br><br>  v.<br><br>ALBERTO GONZALEZ, et al.,<br><br>    Respondents                     / | No. C 07-3534 MMC<br><br>**ORDER TO SHOW CAUSE** |

Before the Court is Yuttasak Simma's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed July 6, 2007.

**BACKGROUND**

The following facts are taken from the petition, and are assumed true.

On November 9, 2006, petitioner was convicted of the offense of possession of a controlled substance for sale, in violation of § 11378 of the California Health and Safety Code. On March 28, 2007, shortly before petitioner was scheduled to be released from state custody, he was served with a Notice to Appear, in which respondents alleged he was removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act, on the ground he was an alien convicted of an aggravated felony. Petitioner was thereafter detained by respondents, and, at the present time, remains detained.

Petitioner alleges the detention is wrongful because he is not an alien, but, rather, he

is a citizen.  Petitioner asserts that he has presented to respondents documentary evidence of his citizenship, and that respondents refusal to release him from detention is wrongful.

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus where the petitioner alleges he "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Here, petitioner alleges that, in light of the evidence of citizenship he has offered to respondents, he has made a "substantial claim of citizenship."  (See Petition ¶ 38.)  Petitioner asserts respondents lack any statutory authority to detain a person who has made such a showing, and that the continued detention violates his due process rights.  Petitioner's claims are not vague, conclusory, palpably incredible, or patently frivolous or false.  Accordingly, summary dismissal of the petition is not proper and respondents will be directed to show cause why the petition should not be granted.

## CONCLUSION

For the reasons stated:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the petition and its attachments upon respondents and respondents' attorney, the United States Attorney.

2. Respondents shall file, within 21 days of the date of the service of this order, an answer showing cause why a writ of habeas corpus should not issue on the basis of petitioner's claims; respondents shall file with the answer a copy of all portions of the administrative record relevant to a determination of the issues presented by the petition.

3.  Petitioner may file a traverse within 14 days of the filing of respondents' answer.

**IT IS SO ORDERED.**

Dated: July 24, 2007

MAXINE M. CHESNEY
United States District Judge

3