SCOTT N. SCHOOLS, SCBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7124
  FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUTTASAK SIMMA,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States; MICHAEL CHERTOFF, in his official capacity as Secretary of the United States Department of Homeland Security; NANCY ALCANTAR, in her official capacity as Field Office Director for the Office of Detention and Removal Operations for Immigration and Custom Enforcement; DAVID SEPULVEDA, in his official capacity as Director of the Main Jail of the Santa Clara County Correctional Facilities,<br><br>    Respondents. | No. C 07-3534 MMC<br><br>**RETURN IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS; DECLARATION OF TAMMIE TSANG** |

I.  INTRODUCTION

Petitioner Yuttasak Simma ("Petitioner") is a native of Thailand, who has been ordered removed from the United States on the ground that he was an alien convicted of an aggravated felony. Petitioner alleges that he is a derivative United States citizen. He has been in United States Immigration and Customs Enforcement ("ICE") detention since March 28, 2007, pending

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-3534 MMC

his removal or a determination that he has met all of the statutorily prescribed conditions of United States citizenship. On July 6, 2007, he filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention.

For the reasons set out below, the habeas petition should be denied.

## II.  BACKGROUND

Petitioner was admitted to the Untied States from Thailand on or about May 9, 1988, as a lawful permanent resident. *See* Declaration of Ila C. Deiss (Deiss Decl.), Exhibit 1. On November 9, 2006, Petitioner was convicted in the Superior Court of California County of San Francisco for possession of a controlled substance for sale, in violation of California Health and Safety Code § 11378. Deiss Decl., Exhibit 2. On March 28, 2007, Petitioner was taken into ICE custody. Deiss Decl., Exhibit 3.

On June 13, 2007, attorney Sin Yen Ling filed a Form N-600 Application for a Certificate of Citizenship with United States Citizenship and Immigration Services ("USCIS"), another branch of the Department of Homeland Security, on Petitioner's behalf. Deiss Decl. Exhibit 4; Declaration of Tammie Tsang (Tsang Decl.), ¶ 3. On July 9, 2007, Petitioner filed a motion to terminate his removal proceedings in light of his pending citizenship claim.

On August 1, 2007, Petitioner's mother and attorney appeared for an interview in the San Jose Field Office location for USCIS. Tsang Decl. ¶ 3. Applicant did not appear as he is in ICE custody. Petitioner's mother was examined regarding her relationship with the applicant and the evidence used to support the application regarding the applicant's derivative citizenship claim. Tsang Decl. ¶ 4. The evidence included the mother's naturalization certificate, the death certificate of the biological father with English translation, the applicant's late registered Thai birth certificate's certified English translation, the mother's Thai passport, and a few affidavits regarding the biological father's death certificate. *Id.*; Deiss Decl., Exhibit 4. The Thai birth certificate's certified English translation indicated the original birth certificate was registered about fifteen years after the applicant's birth, about the time when the mother began the process to immigrate the applicant. *Id.* According to the mother's testimony, Petitioner did not have any birth

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-3534 MMC                                    2

1 certificates prior.  The copy of the birth certificate was not certified in accordance with 8 C.F.R. §
2 1287.6(b).  *Id.*  Petitioner's father's name is translated with different spellings on the birth
3 certificate and the death certificate.  *Id.*
4     A sworn statement of the mother was taken at the interview about the particulars of the
5 applicant's eligibility.  Tsang Decl. ¶ 5.  This statement uncovered many errors and inconsistencies
6 regarding the late registered birth certificate, which ultimately established that the certificate may
7 not be valid and brings the mother's credibility into question.  *Id.*  Based upon the sworn statement,
8 a Request for Evidence ("RFE") was provided to Petitioner's mother and attorney, requesting that
9 the mother provide USCIS with a DNA/blood test and Thai family register document with an
10 English translation.   This evidence is due back to USCIS by August 31, 2007.  Tsang Decl. ¶ 6.
11     Following the interview, USCIS initiated its own investigation into the provided documents
12 and statements provided.  A request was sent by USCIS to the United States consulate in Bangkok,
13 Thailand to inquire into the legitimation laws of Thailand.  Tsang Decl. ¶ 7.  The USCIS District
14 Director for Bangkok, Thailand has submitted a request to the court of Thailand to determine
15 whether the paternity of the applicant has been established by legitimation.  *Id.*  Subsequent to the
16 interview, USCIS reviewed Petitioner's alleged birthdate against the perpetual calendar and
17 discovered there is a mismatch between the evidence provided and what is the correct date.  Tsang
18 Decl. ¶ 8.  The birth certificate provided shows that the applicant was born on a Tuesday; however,
19 the perpetual calendar shows that actual day was in fact a Friday.  As such, the date of birth of the
20 applicant is questionable.  *Id.*
21     Once USCIS receives the requested documentation as well as the results of the DNA/blood
22 test, they will be able to complete the adjudication of the application as quickly as possible.
23 Tsang. Decl. ¶ 9.  The general processing time for an N-600 application in the San Jose office is
24 approximately eight months.  Due to the fact that Petitioner is in ICE custody, USCIS has agreed
25 with ICE to expeditiously process this application.  Tsang. Decl. ¶ 10.
26 ///
27 ///
28

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-3534 MMC                                             3

## III. LEGAL STANDARDS

This Court may entertain a petition for a writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The limits on district court federal habeas corpus jurisdiction introduced by the REAL ID Act apply only to challenges of orders of removal. *See id.* § 106(a)(1), 119 Stat. at 310 (a petition for review shall be the "sole and exclusive means for judicial review of an order of removal") (emphasis added). Legislative history confirms that the REAL ID Act does not divest district courts of habeas review over other claims: "section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." H. R. Rep. No. 109-72 (2005).

## IV. ARGUMENT

### A. The Petition Should be Denied Because Petitioner is Lawfully Detained under 8 U.S.C. § 1226(c), INA § 236(c), As He is an Aggravated Felon

Petitioner's conviction under section 11378 of the California Health and Safety Code, possession for sale of methamphetamine, makes him an aggravated felon. *See United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (stating that where a state conviction is at issue, the crime is an aggravated felony where the conduct prohibited under the state statute is also punishable under federal law). Further, 8 U.S.C. § 1226(c) requires the detention of certain classes of aliens, notably those aliens, such as Petitioner, who have been convicted of certain specific offenses. *See* 8 U.S.C. § 1226(c)(1)(B). Therefore, Petitioner is being lawfully detained and the writ of habeas corpus should be denied. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of the process.").[1]

---

[1] Petitioner's detention since March 28, 2007 is still within the brief period of detention envisioned by *Kim, supra*. Further, Petitioner first challenged his removability by way of his derivative citizenship claim in June 2007, and USCIS has agreed to expedite his citizenship application in light of his detention.

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-3534 MMC                            4

If the N-600 application is denied, Petitioner is not a citizen of the United States and will continue to be detained 8 U.S.C. § 1226(c), as an alien convicted of an aggravated felony. If Petitioner's application is approved, he will be immediately released from custody. Respondents have agreed, in light of his detention, to expedite the adjudication of his N-600 application for Certificate of Citizenship. Tsang Decl. ¶ 10. Therefore, Petitioner is not being indefinitely detained.

### B. Petitioner is not automatically entitled to derivative United States citizenship.

Petitioner asserts Respondents cannot invoke mandatory detention of certain aliens because he is not an alien. However, Petitioner was not born in the United States and in order to claim derivative citizenship, an applicant must seek citizenship by filing an Application for Certificate of Citizenship (Form N-600) with USCIS. 8 C.F.R. § 341.1. If the application for a certificate of citizenship is denied, he may appeal the denial to the Administrative Appeals Unit. 8 C.F.R. § 322.5(b).

Petitioner claims that he automatically acquired derivative United States citizenship when his mother had become a naturalized United States citizen, pursuant to former INA § 321(a).[2] *See* Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ¶ 17. However, immigration laws confer derivative citizenship only when "certain statutorily prescribed conditions are met." *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005).

---

[2]Under former INA § 321(a), 8 U.S.C. § 1432(a), a child born outside of the United States of alien parents automatically becomes a citizen of the United States upon fulfillment of the following conditions:

(1) The naturalization of both parents; or
(2) The naturalization of the surviving parent if one of the parents is deceased; or
(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
(4) Such naturalization takes place while such child is unmarried and under the age of eighteen years; and
(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

In *Minasyan*, the Immigration Judge and Board of Immigration Appeals ("BIA") both found that the Petitioner did not meet all of the statutorily prescribed conditions of derivative citizenship. Specifically, they found that the Petitioner's parents had not legally separated, as required under former INA § 321(a)(3). *Id.* at 1073-74. The Ninth Circuit reversed, finding that the Petitioner's parents had been legally separated, and therefore he had met all of the statutorily prescribed conditions of citizenship. *Id.* at 1080.

Similarly, Respondents are investigating Petitioner's contention that he has met all of the statutorily prescribed conditions of citizenship under former INA § 321(a). USCIS is investigating whether: 1) Prasai Paar is Petitioner's biological mother; 2) Petitioner was under the age of eighteen years when the naturalization took place, pursuant to INA § 321(a)(4); and 3) the paternity of Petitioner had not been established by legitimation, pursuant to INA § 321(a)(3). Tsang Decl. ¶¶ 4-9.

Therefore, Petitioner is only entitled to citizenship when either 1) it is uncontested that he has met all of the statutorily prescribed conditions of citizenship, or 2) a determination has been made that Petitioner has met all of the statutorily prescribed conditions of citizenship. According to *Minasyan*, this determination can be made in federal court. 401 F.3d at 1074 ("[T]he INA explicitly places the determination of nationality claims solely in the hands of the courts of appeals and (if there are questions of fact to resolve) the district courts") (internal quotations and citations omitted). Petitioner has found no support for the contention that he is automatically entitled to citizenship because he has made a substantial claim of citizenship. Petition, ¶¶ 5, 38. A determination must first be made whether or not he has satisfied all of the statutorily prescribed conditions of citizenship. Accordingly, under the law, until a determination has been made that Petitioner has met all of the statutorily prescribed conditions of citizenship, Petitioner is an aggravated felon with a pending citizenship claim and is being lawfully detained under 8 U.S.C. § 1226(c).

///

///

1 | V.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus should be denied.

DATED: August 22, 2007                    Respectfully submitted,

SCOTT SCHOOLS
United States Attorney


                                          /s/
                                          _____
ILA C. DEISS
Assistant United States Attorney
Attorneys for Respondents